IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LARRY MAYNARD STENSHOEL,

               Petitioner,

                                          No C-05-4922  VRW

v

                                          ORDER

SHERIFF LAURIE SMITH, SANTA
CLARA COUNTY, CALIFORNIA,

               Respondent.

_____/

        Petitioner Larry Maynard Stenshoel has filed a petition for writ of habeas corpus under 28 USC § 2241. Doc # 1, filed November 29, 2005. The gravamen of his petition is that the state trial court in which he is awaiting trial has set his bail at $550,000, a sum he asserts he cannot afford. He also asserts that he has serious medical problems and should therefore not be incarcerated prior to trial. According to respondent, petitioner had been in custody since May 26, 2005, Doc # 17 at 2, and his trial is currently set to begin on January 9, 2005 [sic]. Id at 3.

        On December 16, 2005, petitioner filed papers seeking, in essence, expedited review of his petition. He asserted that "[n]either an evidentiary hearing nor further briefing is

necessary" in order for the court to determine that the state has violated petitioner's constitutional rights.  Doc # 3 at 3.  The court ordered expedited briefing and has now considered both parties' submissions.  Based upon that review, the court now DISMISSES the petition for the reasons stated herein.

One defect warranting dismissal appeared on the caption of the original petition:  petitioner failed to name a respondent as 28 USC § 2242 requires.  That section requires the petition "to allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known."  The failure to name the respondent, who "typically is the warden of the facility in which the petitioner is incarcerated" deprives the federal court of personal jurisdiction.  <u>Smith v Idaho</u>, 383 F3d 934, 937 (9th Cir 2004), citing <u>Stanley v California Supreme Court</u>, 21 F3d 359, 360 (9th Cir 1994).  While this jurisdictional defect may be waived, id, the state raised this issue in its opposition brief (Doc # 17), thus indicating its unwillingness to waive the defect in this case.  The state has, however, allowed petitioner to cure the defect by stipulating to the filing of an amended petition naming Sheriff Laurie Smith as the respondent.  Docs # 18, 19.

The petition is subject to dismissal on the further ground that it fails to allege exhaustion of state remedies; indeed, while petitioner asserts that he has exhausted "sufficient" state remedies, Ptr's Memo at 8, his papers make clear that he has taken no steps to seek relief from the state's appellate courts. Petitioner acknowledges that he has not previously presented his one federal constitutional claim to any court and has filed no

1 previous petition challenging the bail amount.  Petition ¶ VIII at
2 5.  He asserts that "a bias exists against him given the remedies
3 being sought by the state's Complaint."  Ptr's Mem at 8.

4     In its opposition, the state cites 28 USC § 2254(b) and
5 authorities thereunder for the proposition that for reasons of
6 comity, a state prisoner must first exhaust his constitutional
7 claims in state court before seeking habeas relief in the federal
8 courts.  <u>Rose v Lundy</u>, 455 US 509, 518-19 (1982).  In order to
9 exhaust a federal claim, the defendant must "fairly present" the
10 specific factual and legal bases for the claim to the state's
11 highest court.  <u>Duncan v Henry</u>, 513 US 364, 365 (1995).  This
12 requires state prisoners to "give the state courts one full
13 opportunity to resolve any constitutional issues by invoking one
14 complete round of the State's established appellate review
15 process," including discretionary review to the state supreme court
16 if that is the state's practice.  <u>O'Sullivan v Boerckel</u>, 526 US
17 838, 845 (1999).

18     Petitioner appears to contend that his efforts at
19 exhaustion (that is, moving the trial court for a reduction in his
20 bail amount) should be deemed sufficient because his proceedings
21 are in the pretrial stage, citing <u>Boston Municipal Court v Jydon</u>,
22 466 US 294 (1984), and <u>Mannes v Gillespie</u>, 967 F2d 1310 (9th Cir
23 1992).  Ptr's Mem at 8.  Because in both of those cases the
24 petitioners had exhausted their claims before arriving in federal
25 court, however, petitioner's reliance on them is not only
26 unavailing but incomprehensible.  In <u>Jydon</u>, moreover, the Supreme
27 Court specifically stated the contrary proposition:
28 \\

3

> We are concerned here with a petitioner who has been convicted in state court and who has apparently exhausted all available state court opportunities to have that conviction set aside. Where a state defendant is released on bail or on his own recognizance pending trial or pending appeal, he must still contend with the requirements of the exhaustion doctrine if he seeks habeas corpus relief in the federal courts. Nothing in today's opinion alters the application of that doctrine to such a defendant.

Id at 302-03. See also Sistrunk v Lyons, 646 F2d 64, 66 n 4 (3d Cir 1981) ("A petitioner appealing the imposition of bail by a state court must exhaust available state remedies before commencing a habeas proceeding in the federal district court.").

Petitioner's unsubstantiated assertion that the state courts are biased against him similarly provides no basis for failing to exhaust state remedies. A petitioner "may not bypass the state courts simply because he thinks they will be unsympathetic to his claim." Engle v Isaac, 456 US 102, 130 (1982).

With his reply papers, petitioner attempts a different tack. He correctly points out that his petition is brought not under 28 USC § 2254, but under § 2241(c)(3), and that the former provision is available only to individuals "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," 28 USC § 2254(a), and therefore does not encompass pretrial detainees. Doc # 20 (Ptr's Reply) at 2. Describing respondent's "'unexhausted' state remedies concept" as "misplaced," petitioner argues that habeas petitions brought under § 2241(c)(3) are not subject to "the restrictions or limitations of 28 USC § 2254." Id at 3.

**4**

1    In <u>Carden v State of Montana</u>, 626 F2d 82, 83 (9th Cir
2    1980), the Ninth Circuit squarely addressed the exhaustion
3    requirements for habeas petitions under § 2241:

> The central issue is whether comity precluded the district court from intervening, prior to trial, in the State's criminal prosecution of the Cardens. The State concedes that the district court had jurisdiction, under 28 USC s 2241, to issue the pretrial writ of habeas corpus. As an exercise of judicial restraint, however, federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising federal claim.

Pursuant to <u>Carden</u>, the judges of this court, including the undersigned judge, have consistently required dismissal of petitions brought by pretrial detainees in state court for failure to exhaust state remedies. See, e g, <u>In re Johnson</u>, 2003 WL 22094534, <u>In re Cole</u>, 2002 WL 31720577, <u>Jones v Piccinini</u>, 2001 WL 1658285, <u>Merrick v Ornell</u>, 1997 WL 12128, <u>Burnett v Rupf</u>, 1996 WL 700251, <u>Woodruff v Plummer</u>, 1994 WL 412438. This case offers no ground for deviating from this practice.

Because the court dismisses the petition on procedural grounds, it does not reach the merits of the petition.

The petition is DISMISSED without prejudice. The clerk is directed to close the file.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

United States District Court
For the Northern District of California